JAMES W. BRACKETT *vs.* SARAH A. KNOWLTON, Executrix.

Franklin.    Opinion March, 9, 1912.

*Contracts.    Advertising Contracts.    Construction.*

Under a contract to advertise mineral springs, on condition that payment for advertising under the contract and for that furnished before the agreement was made should be made on a sale of a spring, and that no demand for payment should be made until such sale, or until ownership of the springs should change, the owner's liability for the price of the advertising accrued at once on his giving the springs to his grandchildren.

On report.    Judgment for plaintiff.

Assumpsit to recover the sum of $453.95. Plea, the general issue. An agreed statement of facts was filed and the case reported to the Law Court for determination.

Mr. JUSTICE BIRD who prepared the opinion, states the case as follows:

"The defendant's testator, Jeremiah B. Knowlton, was the owner of certain springs and prior to the date of the contract set forth below had advertised them as for sale in certain newspapers owned

or controlled by plaintiff. On the day of its date the plaintiff and the testator executed the following agreement:—

'Phillips, Maine, Nov. 5, 1900.

'Memorandum of advertising contract between J. B. Knowlton of Strong, Maine and the Phillips Phonograph and Maine Woods Phillips, Maine, for advertising said Knowlton's Soda and Sulphur Springs to such an amount as in the judgment of J. W. Brackett seems best but not to exceed the sum of ($1000), one thousand dollars a year for two years' time under this agreement, the regular price for said advertising to be paid when said Springs are sold or upon sale of one of them. If the property named herein is sold within two years the amount to be paid by said Knowlton is simply the amount that will have been earned by the advertising up to that time. It is also agreed that J. W. Brackett's bill of ($317.83), three hundred and seventeen dollars and eighty-three cents, for advertising said Springs previous to this date is also to be paid when said Springs or either of them is sold.

'There shall be no demand made for advertising until said Springs or one of them are sold or in some way change owners. This is to be interpreted to mean that the heirs in case of said Knowlton's death shall be no more liable than he unless there is business sufficient to pay it as managed by said heirs.

J. W. BRACKETT, (Seal)
J. B. KNOWLTON, (Seal)'

Witness: W. D. GRANT.

"The plaintiff, in accordance with the contract, continued to advertise the springs in the years 1901 and 1902.

"On the 18th of April, 1906, the testator conveyed the springs, described in the contract, as a gift to his grandchildren who were the testator's legal heirs. The testator died on the 12th day of March, 1907. By his will he left all his estate to his widow, the executrix. Since the conveyance to them, his grandchildren have neither sold nor leased the springs nor received any income therefrom. The plaintiff claims that his charges for advertising are due and brings this action to recover the same."

*Elmer E. Richards,* for plaintiff.

*Frank W. Butler, and D. R. Ross,* for defendant.

SITTING: WHITEHOUSE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

BIRD, J. The items for which this suit is brought are of two classes, one for advertising before the making of the contract between plaintiff and defendant's testator and the other for advertising done subsequent to and under the terms of the contract. The former constituted an absolute debt, payment of which was to be contingent upon the happening of a future event while the latter was to become an obligation of the testator, or his heirs, upon the occurrence of the same event. Whether the items of the first class were due within a reasonable time after the services performed it is unnecessary to determine; see *Sears* v. *Wright,* 24 Maine, 278, 280; *DeWolfe* v. *French,* 51 Maine, 420. By the terms of the contract the items of both classes were to be payable "when said springs or either of them is sold." The happening of this event is explained or modified by the second paragraph of the contract which we interpret to mean that payment of the sums properly chargeable for advertising shall not be enforceable until one, at least, of the springs is sold by the testator or, in the event of his death, until his heirs shall either sell one of the springs or, under their management, there is sufficient business to pay them. By the conveyance to his grandchildren by way of gift, the testator made impossible the occurrence of either of the contingencies and his liability at once accrued: *Crocker* v. *Holmes,* 65 Maine, 195, 199; *Wright* v. *Haskell,* 45 Maine, 489; *Poland* v. *Brick Co.,* 100 Maine, 133, 135.

> *Judgment for plaintiff for the sum of four hundred and fifty-three dollars and ninety-five cents with interest from the date of the writ.*